**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4913

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY DAJUAN ALLEN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, District Judge. (CR-02-74)

Submitted:    May 25, 2005          Decided:  July 28, 2005

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Dajuan Allen appeals from the judgment of the district court sentencing him to 120 months' imprisonment for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). Finding that the district court's imposition of sentence violated Allen's Sixth Amendment right to trial by a jury, we affirm the conviction,[1] vacate the sentence, and remand for further proceedings.

Allen alleges the district court erred in applying the Sentencing Guidelines by concluding he had acted with premeditation or by lying in wait to effectuate the attempted murder of Dennis Painter. We have previously noted that no set period of time is required to demonstrate premeditation. See Faust v. North Carolina, 307 F.2d 869, 871 (4th Cir. 1962). All that is required is that the defendant acted with a "cool mind [and] did, in fact, reflect, at least for a short period time before his act." United States v. Shaw, 701 F.2d 367, 392-93 (5th Cir. 1983). Under the facts of this case, and subject to the discussion below, we cannot conclude that the district court clearly erred in its determination regarding premeditation.

In his supplemental brief, Allen claims the district court's imposition of sentence violates his Sixth Amendment right to trial by a jury. Because we conclude that the district court's

---

[1]Allen does not challenge his conviction.

application of the sentencing guidelines affected Allen's sentence on the basis of factual questions not found by the jury beyond a reasonable doubt, we agree. See United States v. Booker, 125 S. Ct. 738 (2005); United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Accordingly, we vacate Allen's sentence and remand for further proceedings.[2] Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We dispense with oral argument because the facts and

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Allen's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br>
<u>VACATED IN PART, AND REMANDED</u>