**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5152**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY DAJUAN ALLEN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Robert C. Chambers, District Judge. (CR-02-74)

Submitted: March 31, 2006      Decided: April 27, 2006

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Dajuan Allen was sentenced to 120 months' imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). We affirmed his conviction, vacated the sentence, and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Allen, No. 03-4913 (4th Cir. July 28, 2005) (unpublished).

On remand, the district court resentenced Allen to 108 months' imprisonment. Allen again appeals, contending the district court imposed an unreasonable sentence.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. As stated in Hughes, we will affirm a post-Booker sentence if it is within the statutorily prescribed range and it is reasonable. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (stating that if the sentence imposed is within the properly calculated guideline range, then it is presumptively reasonable).

- 2 -

On remand, the district court appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant 18 U.S.C. § 3553(a) factors. Allen contends that the sentence was unreasonable because it was greater than necessary to achieve the congressional sentencing objectives set forth in 18 U.S.C. § 3553(a)(2). However, his claims are not adequate to rebut the presumption that the sentence within the guidelines range is reasonable. See Green, 436 F.3d at 456-57. We conclude the sentence imposed by the district court was reasonable. Accordingly, we affirm Allen's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED